**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

MONUMENT PEAK VENTURES, LLC,

      Plaintiff,

v.

ARASHI VISION INC. d/b/a INSTA360,

      Defendant.

Case No. 2:25-cv-00956-RWS

JURY TRIAL DEMANDED

**DEFENDANT'S ANSWER AND COUNTERCLAIMS**

Defendant Arashi Vision Inc. d/b/a Insta360 ("Insta360") answers and responds to the Amended Complaint ("Complaint") filed by plaintiff Monument Peak Ventures, LLC ("MPV") on April 28, 2026 (Dkt. 20) and states its counterclaims below.

### ANSWER

Insta360 denies all allegations that are not specifically admitted and denies that MPV is entitled to the relief requested in the Complaint or to any other relief. Insta360 responds to the Complaint's numbered paragraphs with corresponding numbered responses below:

### THE PARTIES

1. Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 and therefore denies them.

2. Insta360 admits the allegations of Paragraph 2.

3. Denied.

4. Denied.

### JURISDICTION AND VENUE

5. Admitted.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

**MONUMENT PEAK VENTURES**

15.     Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and therefore denies them.

16.     Insta360 admits that MPV asserts that Insta360 infringes claims of U.S. Patent Nos. 8,237,771 (the "'771 Patent"); 8,274,544 (the "'544 Patent"); 8,842,155 (the "'155 Patent"); 8,856,418 (the "'418 Patent"); 9,848,158 (the "'158 Patent"); 10,425,612 (the "'612 Patent"); and 10,728,490 (the "'490 Patent") (the "MPV Asserted Patents"). Insta360 denies that it infringes any MPV Asserted Patent and denies the remaining allegations and characterizations in Paragraph 16.

**ASSERTED MPV PATENTS**

17.     Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and therefore denies them.

18.     Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and therefore denies them.

19.     Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and therefore denies them.

20.     Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and therefore denies them.

21.     Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore denies them.

22.     Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and therefore denies them.

23.     Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and therefore denies them.

24.    Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore denies them.

25.    Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and therefore denies them.

26.    Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and therefore denies them.

27.    Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and therefore denies them.

## SUBJECT MATTER ELIGIBILITY ALLEGATIONS

Insta360 specifically disputes any factual allegations or legal conclusions regarding patent eligibility contained in the lettered headings encompassing Paragraphs 28 to 134.

### *The '771 Patent*

28.    Insta360 admits that the '771 Patent cover states the title "Automated Videography Based Communications," the Application No. 12/411,431, a filing date of March 26, 2009, and an issuance date of August 7, 2012.

29.    To the extent the allegations in Paragraph 29 attempt to describe or characterize the content of the '771 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

30.    To the extent the allegations in Paragraph 30 attempt to describe or characterize the content of the '771 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

31.    To the extent the allegations in Paragraph 31 attempt to describe or characterize the content of the '771 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

32.     To the extent the allegations in Paragraph 32 attempt to describe or characterize the content of the '771 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

33.     To the extent the allegations in Paragraph 33 attempt to describe or characterize the content of the '771 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

34.     To the extent the allegations in Paragraph 34 attempt to describe or characterize the content of the '771 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

35.     To the extent the allegations in Paragraph 35 attempt to describe or characterize the content of the '771 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

36.     To the extent the allegations in Paragraph 36 attempt to describe or characterize the content of the '771 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

37.     To the extent the allegations in Paragraph 37 attempt to describe or characterize the content of the '771 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

38.     To the extent the allegations in Paragraph 38 attempt to describe or characterize the content of the '771 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

39.     To the extent the allegations in Paragraph 39 attempt to describe or characterize the content of the '771 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

40.     To the extent the allegations in Paragraph 40 attempt to describe or characterize the content of the '771 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

41.     To the extent the allegations in Paragraph 41 attempt to describe or characterize the content of the '771 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

42.     To the extent the allegations in Paragraph 42 attempt to describe or characterize the content of the '771 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

43.     To the extent the allegations in Paragraph 43 attempt to describe or characterize the content of the '771 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

44.     To the extent the allegations in Paragraph 44 attempt to describe or characterize the content of the '771 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

### ***The '544 Patent***

45.     Insta360 admits that the '544 Patent cover states the title "Automated Videography Systems," the Application No. 12/408,898, a filing date of March 23, 2009, and an issuance date of September 25, 2012.

5

46. To the extent the allegations in Paragraph 46 attempt to describe or characterize the content of the '544 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

47. To the extent the allegations in Paragraph 47 attempt to describe or characterize the content of the '544 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

48. To the extent the allegations in Paragraph 48 attempt to describe or characterize the content of the '544 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

49. To the extent the allegations in Paragraph 49 attempt to describe or characterize the content of the '544 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

50. To the extent the allegations in Paragraph 50 attempt to describe or characterize the content of the '544 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

51. To the extent the allegations in Paragraph 51 attempt to describe or characterize the content of the '544 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

52. To the extent the allegations in Paragraph 52 attempt to describe or characterize the content of the '544 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

53. To the extent the allegations in Paragraph 53 attempt to describe or characterize the content of the '544 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

54. To the extent the allegations in Paragraph 54 attempt to describe or characterize the content of the '544 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

55. To the extent the allegations in Paragraph 55 attempt to describe or characterize the content of the '544 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

56. To the extent the allegations in Paragraph 56 attempt to describe or characterize the content of the '544 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

57. To the extent the allegations in Paragraph 57 attempt to describe or characterize the content of the '544 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

58. To the extent the allegations in Paragraph 58 attempt to describe or characterize the content of the '544 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

59. To the extent the allegations in Paragraph 59 attempt to describe or characterize the content of the '544 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

60.    To the extent the allegations in Paragraph 60 attempt to describe or characterize the content of the '544 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

61.    To the extent the allegations in Paragraph 61 attempt to describe or characterize the content of the '544 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

### *The '155 Patent*

62.    Insta360 admits that the '155 Patent cover states the title "Portable Video Communication System," the Application No. 13/315,737, a filing date of December 9, 2011, and an issuance date of September 23, 2014. To the extent the remaining allegations in Paragraph 62 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the remaining allegations and characterizations contained in Paragraph 62.

63.     To the extent the allegations in Paragraph 63 attempt to describe or characterize the content of the '155 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

64.    To the extent the allegations in Paragraph 64 attempt to describe or characterize the content of the '155 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

65.    To the extent the allegations in Paragraph 65 attempt to describe or characterize the content of the '155 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

66. To the extent the allegations in Paragraph 66 attempt to describe or characterize the content of the '155 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

67. To the extent the allegations in Paragraph 67 attempt to describe or characterize the content of the '155 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

68. To the extent the allegations in Paragraph 68 attempt to describe or characterize the content of the '155 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

69. To the extent the allegations in Paragraph 69 attempt to describe or characterize the content of the '155 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

70. To the extent the allegations in Paragraph 70 attempt to describe or characterize the content of the '155 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

71. To the extent the allegations in Paragraph 71 attempt to describe or characterize the content of the '155 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

72. To the extent the allegations in Paragraph 72 attempt to describe or characterize the content of the '155 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

73.     To the extent the allegations in Paragraph 73 attempt to describe or characterize the content of the '155 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

74.     To the extent the allegations in Paragraph 74 attempt to describe or characterize the content of the '155 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

75.     To the extent the allegations in Paragraph 75 attempt to describe or characterize the content of the '155 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

76.     To the extent the allegations in Paragraph 76 attempt to describe or characterize the content of the '155 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

### *The '418 Patent*

77.     Insta360 admits that the '418 Patent cover states the title "Receiving Station for Mobile Host Equipment, and Method of Sharing Resources Using the Station," the Application No. 12/097,552, a filing date of November 27, 2006, and an issuance date of October 7, 2014.

78.     To the extent the allegations in Paragraph 78 attempt to describe or characterize the content of the '418 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

79.     To the extent the allegations in Paragraph 79 attempt to describe or characterize the content of the '418 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

80. To the extent the allegations in Paragraph 80 attempt to describe or characterize the content of the '418 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

81. To the extent the allegations in Paragraph 81 attempt to describe or characterize the content of the '418 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

82. To the extent the allegations in Paragraph 82 attempt to describe or characterize the content of the '418 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

83. To the extent the allegations in Paragraph 83 attempt to describe or characterize the content of the '418 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

84. To the extent the allegations in Paragraph 84 attempt to describe or characterize the content of the '418 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

85. To the extent the allegations in Paragraph 85 attempt to describe or characterize the content of the '418 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

86. To the extent the allegations in Paragraph 86 attempt to describe or characterize the content of the '418 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

87.     To the extent the allegations in Paragraph 87 attempt to describe or characterize the content of the '418 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

88.     To the extent the allegations in Paragraph 88 attempt to describe or characterize the content of the '418 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

89.     To the extent the allegations in Paragraph 89 attempt to describe or characterize the content of the '418 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

90.     To the extent the allegations in Paragraph 90 attempt to describe or characterize the content of the '418 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

### *The '158 Patent*

91.     Insta360 admits that the '158 Patent cover states the title "Digital Camera User Interface for Video Trimming," the Application No. 13/100,461, a filing date of March 4, 2011, and an issuance date of December 19, 2017.

92.     To the extent the allegations in Paragraph 92 attempt to describe or characterize the content of the '158 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

93.     To the extent the allegations in Paragraph 93 attempt to describe or characterize the content of the '158 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

94.     To the extent the allegations in Paragraph 94 attempt to describe or characterize the content of the '158 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

95.     To the extent the allegations in Paragraph 95 attempt to describe or characterize the content of the '158 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

96.     To the extent the allegations in Paragraph 96 attempt to describe or characterize the content of the '158 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

97.     To the extent the allegations in Paragraph 97 attempt to describe or characterize the content of the '158 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

98.     To the extent the allegations in Paragraph 98 attempt to describe or characterize the content of the '158 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

99.     To the extent the allegations in Paragraph 99 attempt to describe or characterize the content of the '158 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

100.    To the extent the allegations in Paragraph 100 attempt to describe or characterize the content of the '158 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

13

101.    To the extent the allegations in Paragraph 101 attempt to describe or characterize the content of the '158 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

102.    To the extent the allegations in Paragraph 102 attempt to describe or characterize the content of the '158 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

103.    To the extent the allegations in Paragraph 103 attempt to describe or characterize the content of the '158 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

104.    To the extent the allegations in Paragraph 104 attempt to describe or characterize the content of the '158 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

### *The '612 Patent*

105.    Insta360 admits that the '612 Patent cover states the title "Digital Camera User Interface for Video Trimming," the Application No. 15/827,370, a filing date of November 30, 2017, and an issuance date of September 24, 2019. To the extent the remaining allegations in Paragraph 105 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the remaining allegations and characterizations contained in Paragraph 105.

106.    To the extent the allegations in Paragraph 106 attempt to describe or characterize the content of the '612 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

14

107. To the extent the allegations in Paragraph 107 attempt to describe or characterize the content of the '612 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

108. To the extent the allegations in Paragraph 108 attempt to describe or characterize the content of the '612 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

109. To the extent the allegations in Paragraph 109 attempt to describe or characterize the content of the '612 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

110. To the extent the allegations in Paragraph 110 attempt to describe or characterize the content of the '612 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

111. To the extent the allegations in Paragraph 111 attempt to describe or characterize the content of the '612 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

112. To the extent the allegations in Paragraph 112 attempt to describe or characterize the content of the '612 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

113. To the extent the allegations in Paragraph 113 attempt to describe or characterize the content of the '612 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

114. To the extent the allegations in Paragraph 114 attempt to describe or characterize the content of the '612 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

115. To the extent the allegations in Paragraph 115 attempt to describe or characterize the content of the '612 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

116. To the extent the allegations in Paragraph 116 attempt to describe or characterize the content of the '612 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

### *The '490 Patent*

117. Insta360 admits that the '490 Patent cover states the title "Digital Camera User Interface for Video Trimming," the Application No. 16/543,259, a filing date of August 16, 2019, and an issuance date of July 28, 2020. To the extent the remaining allegations in Paragraph 117 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the remaining allegations and characterizations contained in Paragraph 117.

118. To the extent the allegations in Paragraph 118 attempt to describe or characterize the content of the '490 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

119. To the extent the allegations in Paragraph 119 attempt to describe or characterize the content of the '490 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

120.    To the extent the allegations in Paragraph 120 attempt to describe or characterize the content of the '490 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

121.    To the extent the allegations in Paragraph 121 attempt to describe or characterize the content of the '490 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

122.    To the extent the allegations in Paragraph 122 attempt to describe or characterize the content of the '490 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

123.    To the extent the allegations in Paragraph 123 attempt to describe or characterize the content of the '490 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

124.    To the extent the allegations in Paragraph 124 attempt to describe or characterize the content of the '490 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

125.    To the extent the allegations in Paragraph 125 attempt to describe or characterize the content of the '490 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

126.    To the extent the allegations in Paragraph 126 attempt to describe or characterize the content of the '490 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

127.    To the extent the allegations in Paragraph 127 attempt to describe or characterize the content of the '490 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

128.    To the extent the allegations in Paragraph 128 attempt to describe or characterize the content of the '490 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

129.    To the extent the allegations in Paragraph 129 attempt to describe or characterize the content of the '490 Patent, the written document speaks for itself. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

## PREEMPTION ALLEGATIONS

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied

134.    Denied.

## ACCUSED PRODUCTS

135.    Insta360 admits that MPV defines the term "Accused Products" to include "Insta360 products that feature automated videography, forming video summaries including a particular person, remotely controlled videography, or UI for video trimming including Insta360's Connect camera system, X5 camera, Insta360 app, AntiGravity A1 drone, Insta360 Link Cameras (including Insta360 Link 2, Link 2C, Link 2 Pro, and Link 2C Pro cameras), Insta360 X5 Air cameras with InstaFrame, and Insta360 X4 Air cameras with InstaFrame, and products, software, and services that provide similar functionality." Insta360 denies that the Accused Products infringe any MPV Asserted Patent.

18

**ALLEGED NOTICE OF MPV ASSERTED PATENTS**

136.    Insta360 admits and avers that it received notice of alleged infringement of the MPV Asserted Patents through the filing of MPV's original complaint but denies that Insta360 received such notice on the filing date of the original complaint.

**COUNT 1: ALLEGED INFRINGEMENT OF THE '771 PATENT**

137.    Insta360 incorporates its responses to the allegations above.

138.    Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 138 and therefore denies them.

139.    Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 139 and therefore denies them.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    To the extent the allegations in Paragraph 144 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 144.

145.    Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 145 and therefore denies them.

146.    To the extent the allegations in Paragraph 146 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 146.

147. To the extent the allegations in Paragraph 147 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 147.

148. Insta360 admits that Paragraph 148 recites claim 1 of the '771 Patent. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

149. To the extent the allegations of Paragraph 149 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 149.

150. To the extent the allegations of Paragraph 150 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 150.

151. To the extent the allegations of Paragraph 151 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 151.

152. To the extent the allegations of Paragraph 152 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 152.

153. To the extent the allegations of Paragraph 153 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 153.

154. To the extent the allegations of Paragraph 154 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 154.

155. To the extent the allegations of Paragraph 155 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 155.

156. To the extent the allegations of Paragraph 156 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 156.

157. To the extent the allegations of Paragraph 157 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 157.

158. To the extent the allegations of Paragraph 158 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 158.

159. To the extent the allegations of Paragraph 159 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 159.

160. To the extent the allegations of Paragraph 160 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 160.

161. To the extent the allegations of Paragraph 161 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 161.

162. To the extent the allegations of Paragraph 162 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 162.

163. To the extent the allegations of Paragraph 163 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 163.

164. To the extent the allegations of Paragraph 164 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 164.

165. To the extent the allegations of Paragraph 165 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 165.

166. To the extent the allegations of Paragraph 166 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 166.

167. To the extent the allegations of Paragraph 167 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 167.

168. To the extent the allegations of Paragraph 168 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 168.

169.     To the extent the allegations of Paragraph 169 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 169.

170.     To the extent the allegations of Paragraph 170 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 170.

171.     To the extent the allegations of Paragraph 171 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 171.

172.     Insta360 admits that it became aware of the existence of the '771 Patent as of the date that it was notified of the filing of this action. Insta360 denies any remaining allegations or characterizations in Paragraph 172.

173.     To the extent the allegations in Paragraph 173 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 173.

174.     To the extent the allegations in Paragraph 174 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 174.

175.     To the extent the allegations in Paragraph 175 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 175.

176. To the extent the allegations in Paragraph 176 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 176.

177. To the extent the allegations in Paragraph 177 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 177.

178. To the extent the allegations in Paragraph 178 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 178.

179. To the extent the allegations in Paragraph 179 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 179.

180. To the extent the allegations in Paragraph 180 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 180.

181. To the extent the allegations in Paragraph 181 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 181.

182. To the extent the allegations in Paragraph 182 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 182.

183. To the extent the allegations in Paragraph 183 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 183.

184. To the extent the allegations in Paragraph 184 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 184.

185. To the extent the allegations in Paragraph 185 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 185.

186. To the extent the allegations in Paragraph 186 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 186.

### COUNT 2: ALLEGED INFRINGEMENT OF THE '544 PATENT

187. Insta360 incorporates its responses to the allegations above.

188. Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 188 and therefore denies them.

189. Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 189 and therefore denies them.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194.    To the extent the allegations in Paragraph 194 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 194.

195.    Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 195 and therefore denies them.

196.    To the extent the allegations in Paragraph 196 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 196.

197.    To the extent the allegations in Paragraph 197 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 197.

198.    Insta360 admits that Paragraph 198 recites claim 35 of the '544 Patent. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

199.    To the extent the allegations of Paragraph 199 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 199.

200.    To the extent the allegations of Paragraph 200 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 200.

201.    To the extent the allegations of Paragraph 201 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 201.

202. To the extent the allegations of Paragraph 202 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 202.

203. To the extent the allegations of Paragraph 203 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 203.

204. To the extent the allegations of Paragraph 204 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 204.

205. To the extent the allegations of Paragraph 205 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 205.

206. To the extent the allegations of Paragraph 206 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 206."

207. To the extent the allegations of Paragraph 207 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 207.

208. To the extent the allegations of Paragraph 208 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 208.

209.    To the extent the allegations of Paragraph 209 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 209.

210.    To the extent the allegations of Paragraph 210 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 210.

211.    To the extent the allegations of Paragraph 211 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 211.

212.    To the extent the allegations of Paragraph 212 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 212.

213.    To the extent the allegations of Paragraph 213 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 213.

214.    To the extent the allegations of Paragraph 214 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 214.

215.    To the extent the allegations of Paragraph 215 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 215.

216.    To the extent the allegations of Paragraph 216 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 216.

217.    To the extent the allegations of Paragraph 217 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 217.

218.    To the extent the allegations of Paragraph 218 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 218.

219.    To the extent the allegations of Paragraph 219 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 219.

220.    To the extent the allegations of Paragraph 220 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 220.

221.    To the extent the allegations of Paragraph 221 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 221.

222.    To the extent the allegations of Paragraph 222 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 222.

223. To the extent the allegations of Paragraph 223 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 223.

224. To the extent the allegations of Paragraph 224 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 224.

225. To the extent the allegations of Paragraph 225 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 225.

226. Insta360 admits that it became aware of the existence of the '544 Patent as of the date that it was notified of the filing of this action. Insta360 denies any remaining allegations or characterizations in Paragraph 226.

227. To the extent the allegations in Paragraph 227 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 227.

228. To the extent the allegations in Paragraph 228 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 228.

229. To the extent the allegations in Paragraph 229 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 229.

230. To the extent the allegations in Paragraph 230 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 230.

231. To the extent the allegations in Paragraph 231 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 231.

232. To the extent the allegations in Paragraph 232 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 232.

233. To the extent the allegations in Paragraph 233 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 233.

234. To the extent the allegations in Paragraph 234 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 234.

235. To the extent the allegations in Paragraph 235 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 235.

236. To the extent the allegations in Paragraph 236 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 236.

237. To the extent the allegations in Paragraph 237 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 237.

238. To the extent the allegations in Paragraph 238 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 238.

239. To the extent the allegations in Paragraph 239 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 239.

## COUNT 3: ALLEGED INFRINGEMENT OF THE '155 PATENT

240. Insta360 incorporates its responses to the allegations above.

241. Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 241 and therefore denies them.

242. Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 242 and therefore denies them.

243. Denied.

244. Denied.

245. Denied.

246. Denied.

247. To the extent the allegations in Paragraph 247 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 247.

248.    Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 248 and therefore denies them.

249.    To the extent the allegations in Paragraph 249 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 249.

250.    To the extent the allegations in Paragraph 250 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 250.

251.    Insta360 admits that Paragraph 251 recites claim 15 of the '155 Patent. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

252.    To the extent the allegations of Paragraph 252 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 252.

253.    To the extent the allegations of Paragraph 253 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 253.

254.    To the extent the allegations of Paragraph 254 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 254.

255.    To the extent the allegations of Paragraph 255 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 255.

33

256.    To the extent the allegations of Paragraph 256 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 256.

257.    To the extent the allegations of Paragraph 257 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 257.

258.    To the extent the allegations of Paragraph 258 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 258.

259.    To the extent the allegations of Paragraph 259 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 259.

260.    To the extent the allegations of Paragraph 260 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 260.

261.    To the extent the allegations of Paragraph 261[1] purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 261.

262.    To the extent the allegations of Paragraph 262 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 262.

---

[1] The Complaint appears to have a formatting error at Paragraphs 261 and 262 which resulted in MPV's allegation being incorrectly split between the two paragraphs. For avoidance of doubt, Insta360 will treat Paragraphs 261 and 262 as if each had correctly set forth the same allegation.

34

263.    Insta360 admits that it became aware of the existence of the '155 Patent as of the date that it was notified of the filing of this action. Insta360 denies any remaining allegations or characterizations in Paragraph 263.

264.    To the extent the allegations in Paragraph 264 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 264.

265.    To the extent the allegations in Paragraph 265 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 265.

266.    To the extent the allegations in Paragraph 266 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 266.

267.    To the extent the allegations in Paragraph 267 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 267.

268.    To the extent the allegations in Paragraph 268 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 268.

269.    To the extent the allegations in Paragraph 269 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 269.

270. To the extent the allegations in Paragraph 270 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 270.

271. To the extent the allegations in Paragraph 271 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 271.

272. To the extent the allegations in Paragraph 272 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 272.

273. To the extent the allegations in Paragraph 273 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 273.

274. To the extent the allegations in Paragraph 274 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 274.

275. To the extent the allegations in Paragraph 275 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 275.

<u>**COUNT 4: ALLEGED INFRINGEMENT OF THE '418 PATENT**</u>

276. Insta360 incorporates its responses to the allegations above.

277. Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 277 and therefore denies them.

278.    Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 278 and therefore denies them.

279.    Denied.

280.    Denied.

281.    Denied.

282.    Denied.

283.    To the extent the allegations in Paragraph 283 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 283.

284.    Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 284 and therefore denies them.

285.    To the extent the allegations in Paragraph 285 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 285.

286.    To the extent the allegations in Paragraph 286 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 286.

287.    Insta360 admits that Paragraph 287 recites claim 17 of the '418 Patent. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

288.    To the extent the allegations of Paragraph 288 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 288.

289.    To the extent the allegations of Paragraph 289 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 289.

290.    To the extent the allegations of Paragraph 290 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 290.

291.    To the extent the allegations of Paragraph 291 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 291.

292.    To the extent the allegations of Paragraph 292 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 292.

293.    To the extent the allegations of Paragraph 293 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 293.

294.    To the extent the allegations of Paragraph 294 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 294.

295.    To the extent the allegations of Paragraph 295 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 295.

296.    Insta360 admits that it became aware of the existence of the '418 Patent as of the date that it was notified of the filing of this action. Insta360 denies any remaining allegations or characterizations in Paragraph 296.

297.    To the extent the allegations in Paragraph 297 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 297.

298.    To the extent the allegations in Paragraph 298 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 298.

299.    To the extent the allegations in Paragraph 299 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 299.

300.    To the extent the allegations in Paragraph 300 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 300.

301.    To the extent the allegations in Paragraph 301 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 301.

302.    To the extent the allegations in Paragraph 302 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 302.

303. To the extent the allegations in Paragraph 303 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 303.

304. To the extent the allegations in Paragraph 304 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 304.

305. To the extent the allegations in Paragraph 305 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 305.

306. To the extent the allegations in Paragraph 306 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 306.

307. To the extent the allegations in Paragraph 307 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 307.

308. To the extent the allegations in Paragraph 308 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 308.

### COUNT 5: ALLEGED INFRINGEMENT OF THE '158 PATENT

309. Insta360 incorporates its responses to the allegations above.

310. Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 310 and therefore denies them.

311. Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 311 and therefore denies them.

312. Denied.

313. Denied.

314. Denied.

315. Denied.

316. To the extent the allegations in Paragraph 316 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 316.

317. Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 317 and therefore denies them.

318. To the extent the allegations in Paragraph 318 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 318.

319. To the extent the allegations in Paragraph 319 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 319.

320. Insta360 admits that Paragraph 320 recites claim 23 of the '158 Patent. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

321. To the extent the allegations of Paragraph 321 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 321.

322.    To the extent the allegations of Paragraph 322 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 322.

323.    To the extent the allegations of Paragraph 323 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 323.

324.    To the extent the allegations of Paragraph 324 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 324.

325.    To the extent the allegations of Paragraph 325 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 325.

326.    To the extent the allegations of Paragraph 326 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 326.

327.    To the extent the allegations of Paragraph 327 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 327.

328.    To the extent the allegations of Paragraph 328 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 328.

329.    To the extent the allegations of Paragraph 329 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 329.

330.    To the extent the allegations of Paragraph 330 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 330.

331.    To the extent the allegations of Paragraph 331 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 331.

332.    To the extent the allegations of Paragraph 332 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 332.

333.    To the extent the allegations of Paragraph 333 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 333.

334.    To the extent the allegations of Paragraph 334 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 334.

335.    To the extent the allegations of Paragraph 335 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 335.

336.    To the extent the allegations of Paragraph 336 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 336.

337.    To the extent the allegations of Paragraph 337 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 337.

338.    To the extent the allegations of Paragraph 338 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 338.

339.    To the extent the allegations of Paragraph 339 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 339.

340.    To the extent the allegations of Paragraph 340 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 340.

341.    Insta360 admits that it became aware of the existence of the '158 Patent as of the date that it was notified of the filing of this action. Insta360 denies any remaining allegations or characterizations in Paragraph 341.

342.    To the extent the allegations in Paragraph 342 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 342.

343. To the extent the allegations in Paragraph 343 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 343.

344. To the extent the allegations in Paragraph 344 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 344.

345. To the extent the allegations in Paragraph 345 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 345.

346. To the extent the allegations in Paragraph 346 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 346.

347. To the extent the allegations in Paragraph 347 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 347.

348. To the extent the allegations in Paragraph 348 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 348.

349. To the extent the allegations in Paragraph 349 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 349.

350. To the extent the allegations in Paragraph 350 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 350.

351. To the extent the allegations in Paragraph 351 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 351.

352. To the extent the allegations in Paragraph 352 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 352.

353. To the extent the allegations in Paragraph 353 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 353.

## COUNT 6: ALLEGED INFRINGEMENT OF THE '612 PATENT

354. Insta360 incorporates its responses to the allegations above.

355. Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 355 and therefore denies them.

356. Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 356 and therefore denies them.

357. Denied.

358. Denied.

359. Denied.

360. Denied.

361. To the extent the allegations in Paragraph 361 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 361.

362. Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 362 and therefore denies them.

363. To the extent the allegations in Paragraph 363 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 363.

364. To the extent the allegations in Paragraph 364 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 364.

365. Insta360 admits that Paragraph 365 recites claim 12 of the '612 Patent. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

366. To the extent the allegations of Paragraph 366 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 366.

367. To the extent the allegations of Paragraph 367 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 367.

368. To the extent the allegations of Paragraph 368 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 368.

369.    To the extent the allegations of Paragraph 369 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 369.

370.    To the extent the allegations of Paragraph 370 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 370.

371.    To the extent the allegations of Paragraph 371 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 371.

372.    To the extent the allegations of Paragraph 372 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 372.

373.    To the extent the allegations of Paragraph 373 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 373.

374.    To the extent the allegations of Paragraph 374 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 374.

375.    To the extent the allegations of Paragraph 375 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 375.

376.   To the extent the allegations of Paragraph 376 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 376.

377.   To the extent the allegations of Paragraph 377 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 377.

378.   Insta360 admits that it became aware of the existence of the '612 Patent as of the date that it was notified of the filing of this action. Insta360 denies any remaining allegations or characterizations in Paragraph 378.

379.   To the extent the allegations in Paragraph 379 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 379.

380.   To the extent the allegations in Paragraph 380 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 380.

381.   To the extent the allegations in Paragraph 381 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 381.

382.   To the extent the allegations in Paragraph 382 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 382.

383.    To the extent the allegations in Paragraph 383 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 383.

384.    To the extent the allegations in Paragraph 384 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 384.

385.    To the extent the allegations in Paragraph 385 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 385.

386.    To the extent the allegations in Paragraph 386 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 386.

387.    To the extent the allegations in Paragraph 387 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 387.

388.    To the extent the allegations in Paragraph 388 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 388.

389.    To the extent the allegations in Paragraph 389 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 389.

390.    To the extent the allegations in Paragraph 390 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 390.

## COUNT 7: ALLEGED INFRINGEMENT OF THE '490 PATENT

391.    Insta360 incorporates its responses to the allegations above.

392.    Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 392 and therefore denies them.

393.    Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 393 and therefore denies them.

394.    Denied.

395.    Denied.

396.    Denied.

397.    Denied.

398.    To the extent the allegations in Paragraph 398 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 398.

399.    Insta360 lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 399 and therefore denies them.

400.    To the extent the allegations in Paragraph 400 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 400.

401.    To the extent the allegations in Paragraph 401 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 401.

402.    Denied. Paragraph 402 recites limitations not found in claim 12 of the '490 Patent. Insta360 denies any remaining allegations, characterizations, or legal conclusions.

403.    To the extent the allegations of Paragraph 403 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 403.

404.    To the extent the allegations of Paragraph 404 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 404.

405.    To the extent the allegations of Paragraph 405 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 405.

406.    To the extent the allegations of Paragraph 406 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 406.

407.    To the extent the allegations of Paragraph 407 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 407.

408.    To the extent the allegations of Paragraph 408 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 408.

409. To the extent the allegations of Paragraph 409 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 409.

410. To the extent the allegations of Paragraph 410 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 410.

411. To the extent the allegations of Paragraph 411 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 411.

412. To the extent the allegations of Paragraph 412 purport to characterize the contents of written documents or videos, those documents or videos speak for themselves. Insta360 denies the remaining allegations and characterizations in Paragraph 412.

413. Insta360 admits that it became aware of the existence of the '490 Patent as of the date that it was notified of the filing of this action. Insta360 denies any remaining allegations or characterizations in Paragraph 413.

414. To the extent the allegations in Paragraph 414 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 414.

415. To the extent the allegations in Paragraph 415 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 415.

416.    To the extent the allegations in Paragraph 416 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 416.

417.    To the extent the allegations in Paragraph 417 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 417.

418.    To the extent the allegations in Paragraph 418 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 418.

419.    To the extent the allegations in Paragraph 419 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 419.

420.    To the extent the allegations in Paragraph 420 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 420.

421.    To the extent the allegations in Paragraph 421 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 421.

422.    To the extent the allegations in Paragraph 422 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 422.

423.    To the extent the allegations in Paragraph 423 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 423.

424.    To the extent the allegations in Paragraph 424 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 424.

425.    To the extent the allegations in Paragraph 425 constitute legal conclusions, no response is required. To the extent that a response is required, Insta360 denies the allegations and characterizations contained in Paragraph 425.

## LITIGATION HOLD NOTICE

426.    Paragraph 426 does not contain factual allegations to which any response is required. To the extent that any of the statements or assertions may be deemed to allege any factual allegation or legal entitlements, Insta360 denies them.

427.    Paragraph 427 does not contain factual allegations to which any response is required. To the extent that any of the statements or assertions may be deemed to allege any factual allegation or legal entitlements, Insta360 denies them.

428.    Paragraph 428 does not contain factual allegations to which any response is required. To the extent that any of the statements or assertions may be deemed to allege any factual allegation or legal entitlements, Insta360 denies them.

## DEMAND FOR JURY TRIAL

The Complaint contains a demand for jury trial, to which no response is required. Under Fed. R. Civ. P. 38(b), Insta360 also demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Insta360 denies that MPV is entitled to any adjudications, injunctions, damages, royalties,

fees, costs, or other relief either as prayed for in the Complaint or otherwise.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Subject to the responses above, Insta360 contends and asserts the following affirmative and other defenses in response to the allegations in the Complaint. By asserting these defenses, Insta360 does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. In addition to the defenses described below, and subject to the responses above, Insta360 intends to conduct discovery and specifically reserves all rights to assert additional affirmative and other defenses consistent with the facts that become known through the course of discovery or otherwise.

### FIRST DEFENSE

### (Invalidity)

On information and belief, and subject to further discovery, each of the MPV Asserted Patents is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, or any other applicable statutory provisions of Title 35 of the United States Code, or the rules and regulations of the United States Patent and Trademark Office.

### SECOND DEFENSE

### (Prosecution History Estoppel)

MPV's claims are barred in whole or in part by reason of estoppel. MPV is estopped from construing any valid claim of the MPV Asserted Patents to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any product made, used, imported, sold, or offered for sale by Insta360 in view of prior art and/or because of admissions, representations, and/or statements made to the Patent Office during prosecution of any application leading to the issuance of the MPV Asserted Patents or any related patents, because of disclosures or language in the specification of any MPV Asserted Patent, and/or because of limitations in the

56

claims of the MPV Asserted Patents.

## THIRD DEFENSE

### (Marking and Notice)

To the extent that MPV and/or any predecessors in interest or any licensees to the MPV Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise failed to give proper notice that Insta360's actions allegedly infringe the MPV Asserted Patents, Insta360 is not liable to MPV for the acts alleged to have been performed before Insta360 received actual notice that the accused devices were allegedly infringing the MPV Asserted Patents.

## FOURTH DEFENSE

### (Unclean Hands / Equitable Estoppel / Acquiescence / Waiver)

MPV's attempted enforcement of the MPV Asserted Patents against Insta360 may be barred by unclean hands, equitable estoppel, acquiescence, and/or waiver.

## FIFTH DEFENSE

### (Ensnarement of Prior Art)

To the extent that MPV alleges that Insta360 infringes the MPV Asserted Patents by equivalents, MPV's claims for relief are barred, in whole or in part, by ensnaring the prior art.

## SIXTH DEFENSE

### (Statute of Limitations)

To the extent MPV seeks recovery for any alleged infringement committed more than six years prior to filing of the Complaint, such recovery is barred by 35 U.S.C. § 286.

## SEVENTH DEFENSE

### (License and Exhaustion)

To the extent that any sales of accused products, or components thereof, were authorized by MPV or a predecessor or licensee of MPV, its claims are precluded pursuant to the doctrine of express or implied license or by the doctrine of patent exhaustion.

### **RESERVATION OF ALL AFFIRMATIVE DEFENSES**

Insta360 hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

## COUNTERCLAIMS

Counterclaim Plaintiff Insta360 brings the following counterclaims against Counterclaim Defendant MPV and states as follows:

## THE PARTIES

1.      Insta360 is a corporation organized and existing under the laws of China, with a principal place of business at 12F, Building T2, Hengyu Qianhai Financial Center, Nanshan District, Shenzhen, P.R. China.

2.      Arashi Vision Inc., operating under the "Insta360" brand, designs innovative camera and related products and apps. Insta360 products have received Time magazine's "Best Invention" recognition and NASA has used Insta360 cameras to live-stream Mars landings, including the 2018 InSight landing and 2021 Perseverance landing.

3.      In its pleadings in this action, Counterclaim Defendant MPV has represented itself to be a Texas limited liability company with its principal place of business in Allen, Texas.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Insta360's counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. An actual controversy exists between MPV and Insta360 regarding the invalidity of the MPV Asserted Patents.

5.      MPV has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.      This Court has general personal jurisdiction over MPV because MPV conducts systematic and regular business within the state of Texas.

7.      Upon information and belief, MPV maintains a regular and established place of business within this district at 812 W McDermott Drive #1064, Allen, Texas 75013.

8.      By virtue of its filing this action, MPV also has consented that venue is permissible

59

in this District pursuant to at least 28 U.S.C. § 1400(b). By asserting these counterclaims, Insta360 does not waive, and instead expressly preserves, any objection to venue with respect to the Complaint in this action.

## FACTUAL BACKGROUND

9.     According to the Complaint, and on that basis Insta360 alleges, MPV purports to be the assignee and owner of U.S. Patent Nos. 8,237,771 (the "'771 Patent"); 8,274,544 (the "'544 Patent"); 8,842,155 (the "'155 Patent"); 8,856,418 (the "'418 Patent"); 9,848,158 (the "'158 Patent"); 10,425,612 (the "'612 Patent"); and 10,728,490 (the "'490 Patent") (the "MPV Asserted Patents").

10.     In its Complaint, MPV asserts that Insta360 has infringed the MPV Asserted Patents.

11.     Insta360 does not and has not infringed directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the MPV Asserted Patents, either literally or under the doctrine of equivalents.

12.     The claims of the MPV Asserted Patents are invalid for failure to meet the requirements of patentability and/or otherwise comply with one or more requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

13.     Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and/or unenforceability of the MPV Asserted Patents.

## COUNT 1
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '771 PATENT

14.     Insta360 restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

15.     Insta360 asserts that claims of the '771 Patent are invalid for failure to satisfy one

or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

16.    By way of example and without limitation, the claims of the '771 Patent are anticipated by and/or obvious in view of at least the following prior art: U.S. Pat. No. 8,237,771 ("Kurtz"); U.S. Pat. No. 7,907,165 ("Murai"); U.S. Pat. No. 7,349,005 ("Rui"). True and correct copies of these references are attached hereto as Exhibits 1, 2, and 3, respectively.

17.    There exists an actual and justiciable controversy as to whether the claims of the '771 Patent are valid.

18.    Absent a declaration of invalidity, MPV will continue to wrongfully assert its infringement claim against the Insta360 and thereby cause them irreparable injury.

19.    Insta360 requests a judicial determination and declaration that the claims of the '771 Patent are invalid.

## COUNT 2
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '544 PATENT

20.    Insta360 restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

21.    Insta360 asserts that claims of the '544 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

22.    By way of example and without limitation, the claims of the '544 Patent are anticipated by and/or obvious in view of at least the following prior art: U.S. Pat. No. 8,237,771 ("Kurtz"); U.S. Pat. No. 7,907,165 ("Murai"); U.S. Pat. No. 7,349,005 ("Rui"). True and correct copies of these references are attached hereto as Exhibits 1, 2, and 3, respectively.

23.    There exists an actual and justiciable controversy as to whether the claims of the

61

'544 Patent are valid.

24.     Absent a declaration of invalidity, MPV will continue to wrongfully assert its infringement claim against the Insta360 and thereby cause them irreparable injury.

25.     Insta360 requests a judicial determination and declaration that the claims of the '544 Patent are invalid.

**COUNT 3**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '155 PATENT**

26.     Insta360 restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

27.     Insta360 asserts that claims of the '155 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

28.     By way of example and without limitation, the claims of the '155 Patent are anticipated by and/or obvious in view of at least the following prior art: U.S. Pat. Appl. Publ. No. 2008/0063389 ("Fang"); U.S. Pat. Appl. Publ. No. 2008/0030621 ("Ciudad"); U.S. Pat. No. 7,559,026 ("Girish"); U.S. Pat. Appl. Publ. No. 2003/0071914 ("Wei"). True and correct copies of these references are attached hereto as Exhibits 4, 5, 6, and 7, respectively.

29.     There exists an actual and justiciable controversy as to whether the claims of the '155 Patent are valid.

30.     Absent a declaration of invalidity, MPV will continue to wrongfully assert its infringement claim against the Insta360 and thereby cause them irreparable injury.

31.     Insta360 requests a judicial determination and declaration that the claims of the '155 Patent are invalid.

62

## COUNT 4
### DECLARATORY JUDGMENT OF INVALIDITY OF THE '418 PATENT

32. Insta360 restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

33. Insta360 asserts that claims of the '418 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

34. By way of example and without limitation, the claims of the '418 Patent are anticipated by and/or obvious in view of at least the following prior art: U.S. Pat. Appl. Publ. No. 2005/0135393 ("Benco"); U.S. Pat. No. 6,309,230 ("Helot"); U.S. Pat. No. 7,287,100 ("Chien"). True and correct copies of these references are attached hereto as Exhibits 8, 9, and 10, respectively.

35. There exists an actual and justiciable controversy as to whether the claims of the '418 Patent are valid.

36. Absent a declaration of invalidity, MPV will continue to wrongfully assert its infringement claim against the Insta360 and thereby cause them irreparable injury.

37. Insta360 requests a judicial determination and declaration that the claims of the '418 Patent are invalid.

## COUNT 5
### DECLARATORY JUDGMENT OF INVALIDITY OF THE '158 PATENT

38. Insta360 restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

39. Insta360 asserts that claims of the '158 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

40.     By way of example and without limitation, the claims of the '158 Patent are anticipated by and/or obvious in view of at least the following prior art: Apple iMovie '11, version 9.0, and any other version of the iMovie software released after version 9.0 and before the critical date of the '158 Patent, and U.S. Pat. No. 6,597,375 ("Yawitz"). A true and correct copy of Yawitz is attached hereto as Exhibit 11.

41.     On information and belief, iMovie '11, version 9.0, was released on October 10, 2010.

42.     There exists an actual and justiciable controversy as to whether the claims of the '158 Patent are valid.

43.     Absent a declaration of invalidity, MPV will continue to wrongfully assert its infringement claim against the Insta360 and thereby cause them irreparable injury.

44.     Insta360 requests a judicial determination and declaration that the claims of the '158 Patent are invalid.

## COUNT 6
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '612 PATENT

45.     Insta360 restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

46.     Insta360 asserts that claims of the '612 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

47.     By way of example and without limitation, the claims of the '612 Patent are anticipated by and/or obvious in view of at least the following prior art: Apple iMovie '11, version 9.0, and any other version of the iMovie software released after version 9.0 and before the critical date of the '612 Patent, and U.S. Pat. No. 6,597,375 ("Yawitz"). A true and correct copy of Yawitz

is attached hereto as Exhibit 11.

48.     On information and belief, iMovie '11, version 9.0, was released on October 10, 2010.

49.     There exists an actual and justiciable controversy as to whether the claims of the '612 Patent are valid.

50.     Absent a declaration of invalidity, MPV will continue to wrongfully assert its infringement claim against the Insta360 and thereby cause them irreparable injury.

51.     Insta360 requests a judicial determination and declaration that the claims of the '612 Patent are invalid.

## COUNT 7
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '490 PATENT

52.     Insta360 restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

53.     Insta360 asserts that claims of the '490 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

54.     By way of example and without limitation, the claims of the '490 Patent are anticipated by and/or obvious in view of at least the following prior art: Apple iMovie '11, version 9.0, and any other version of the iMovie software released after version 9.0 and before the critical date of the '490 Patent, and U.S. Pat. No. 6,597,375 ("Yawitz"). A true and correct copy of Yawitz is attached hereto as Exhibit 11.

55.     On information and belief, iMovie '11, version 9.0, was released on October 10, 2010.

56.     There exists an actual and justiciable controversy as to whether the claims of the

65

'490 Patent are valid.

57. Absent a declaration of invalidity, MPV will continue to wrongfully assert its infringement claim against the Insta360 and thereby cause them irreparable injury.

58. Insta360 requests a judicial determination and declaration that the claims of the '490 Patent are invalid.

## COUNT 8
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '771 PATENT

59. Insta360 restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

60. Insta360 has not infringed and does not infringe, under any theory of infringement, any valid and enforceable claim of the '771 Patent.

61. Insta360 does not practice or meet each and every limitation of the asserted claim(s) of the '771 Patent.

62. There exists an actual and justiciable controversy between MPV and Insta360 as to whether the '771 Patent is not infringed by Insta360.

63. Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '771 Patent.

## COUNT 9
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '544 PATENT

64. Insta360 restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

65. Insta360 has not infringed and does not infringe, under any theory of infringement, any valid and enforceable claim of the '544 Patent.

66. Insta360 does not practice or meet each and every limitation of the asserted claim(s) of the '544 Patent.

67.    There exists an actual and justiciable controversy between MPV and Insta360 as to whether the '544 Patent is not infringed by Insta360.

68.    Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '544 Patent.

## COUNT 10
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '155 PATENT

69.    Insta360 restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

70.    Insta360 has not infringed and does not infringe, under any theory of infringement, any valid and enforceable claim of the '155 Patent.

71.    Insta360 does not practice or meet each and every limitation of the asserted claim(s) of the '155 Patent.

72.    There exists an actual and justiciable controversy between MPV and Insta360 as to whether the '155 Patent is not infringed by Insta360.

73.    Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '155 Patent.

## COUNT 11
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '418 PATENT

74.    Insta360 restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

75.    Insta360 has not infringed and does not infringe, under any theory of infringement, any valid and enforceable claim of the '418 Patent.

76.    Insta360 does not practice or meet each and every limitation of the asserted claim(s) of the '418 Patent.

77.    There exists an actual and justiciable controversy between MPV and Insta360 as to

67

whether the '418 Patent is not infringed by Insta360.

78.     Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '418 Patent.

**COUNT 12**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '158 PATENT**

79.     Insta360 restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

80.     Insta360 has not infringed and does not infringe, under any theory of infringement, any valid and enforceable claim of the '158 Patent.

81.     Insta360 does not practice or meet each and every limitation of the asserted claim(s) of the '158 Patent.

82.     There exists an actual and justiciable controversy between MPV and Insta360 as to whether the '158 Patent is not infringed by Insta360.

83.     Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '158 Patent.

**COUNT 13**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '612 PATENT**

84.     Insta360 restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

85.     Insta360 has not infringed and does not infringe, under any theory of infringement, any valid and enforceable claim of the '612 Patent.

86.     Insta360 does not practice or meet each and every limitation of the asserted claim(s) of the '612 Patent.

87.     There exists an actual and justiciable controversy between MPV and Insta360 as to whether the '612 Patent is not infringed by Insta360.

68

88.     Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '612 Patent.

## COUNT 14
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '490 PATENT

89.     Insta360 restates and incorporates by reference the allegations in the foregoing paragraphs of its counterclaims, as if fully set forth herein.

90.     Insta360 has not infringed and does not infringe, under any theory of infringement, any valid and enforceable claim of the '490 Patent.

91.     Insta360 does not practice or meet each and every limitation of the asserted claim(s) of the '490 Patent.

92.     There exists an actual and justiciable controversy between MPV and Insta360 as to whether the '490 Patent is not infringed by Insta360.

93.     Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '490 Patent.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered and set forth its counterclaims, Insta360 prays for judgment as follows:

A.     A judgment in favor of Insta360 denying MPV all relief requested in its Complaint and dismissing MPV's Complaint with prejudice;

B.     A judgment in favor of Insta360 on all of its counterclaims;

C.     A declaration and judgment that Insta360 does not and has not infringed, contributed to infringement of, or induced others to infringe, either directly, indirectly, or under the doctrine of equivalents, any valid claim of the MPV Asserted Patents;

69

D.      A declaration and judgment that the MPV Asserted Patents are invalid;

E.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award to
Insta360 of its reasonable costs, attorneys' fees, and expert fees incurred in this
action; and

F.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Insta360 hereby respectfully demands a trial by jury of all issues so triable.

Dated: May 18, 2026

Respectfully submitted,

/s/ *Timothy J. Carroll*
Timothy J. Carroll (IL 6269515)
Thomas James (IL 6331587)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
353 N. Clark Street, Suite 3600
Chicago, Illinois 60654
Telephone: +1 312 924-9800
Fax: +1 312 924-9899
tim.carroll@orrick.com
tjames@orrick.com

Raghav Krishnapriyan (CA 273411)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: +1 415 773-5850
Fax: +1 415 773-5759
rkrishnapriyan@orrick.com

Laura A. Wytsma (CA 189527)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
355 S. Grand Ave., Suite 2700
Los Angeles, CA 90071
Telephone: +1 213 629-2020
Fax: + 213 612-2499
lawytsma@orrick.com

Xiang Wang (NY 4311114)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
5701 China World Tower A
No. 1 Jiangumenwai Avenue
Beijing, 100004 PRC
Telephone: +86 10 8595 5600
Fax: -
xiangwang@orrick.com

Ernest D. Fok (CA 341927)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
120 Broadway, Fourth Floor
Santa Monica, CA 90401
Telephone: +1 310-633-2800
Fax: + 310 633-2849
efok@orrick.com

*Counsel for Arashi Vision Inc. d/b/a Insta360*

71

# ADDENDUM

**U.S. Patent No. 8,237,771**
**AUTOMATED VIDEOGRAPHY BASED COMMUNICATIONS**

1. A method for framing one or more subjects captured on video during a video communication event with a remote viewer, the method comprising the steps of:

receiving video of a first subject in an environment from a camera;

determining a current shot framing of the first subject in the video images, with a computer and an associated image processor, relative to a shot selection and subject positioning within the framed shot;

determining at least one subject activity metric for the observed movement of the first subject in the received video, relative to the current framing and level of motion thresholds;

analyzing the subject movement of the first subject, relative to the determined at least one subject activity metric and the current framing, to determine scene change probabilities, relative to the determined subject activity metrics and current shot subject motion thresholds, to determine whether video capture of the at least first subject can continue using modifications to the current subject framing or that framing of the at least first subject can be improved with new subject framing;

determining alternate shot options, including associated shot selection probabilities, based upon associated shot dependent subject motion thresholds and the determined subject activity metrics, if the determined scene change probability for new subject framing is greater than a predetermined value;

selecting a next shot from among the determined alternate shot options based upon the determined shot selection probabilities;

instructing the image processor or camera to re-frame the first subject in accordance with the newly selected next shot, including associated shot framing and any new video capture settings; and

transmitting video images to the remote viewer using the newly instructed shot framing and video capture settings.

2

**U.S. Patent No. 8,274,544**
**AUTOMATED VIDEOGRAPHY SYSTEMS**

35. A method of automated videography, in which video images of at least one subject in a local environment are acquired using an automated videography system, comprising:

capturing video images with the automated videography system according to current video capture settings while using one or more cameras during a videography event consisting of one or more video scenes which involve the at least one subject and the local environment, where the current video capture settings define current subject framing within a selected shot and current camera parameters;

analyzing the captured video images of a current video scene as captured according to the current video capture settings, including determining subject activity using at least one subject activity metric appropriate to the current subject framing;

determining scene change probabilities, relative to the determined at least one subject activity metric and current shot subject motion thresholds, to determine whether video capture of the at least one subject can continue using the current subject framing or that framing of the at least one subject can be improved with new subject framing;

determining alternate shot options, including associated shot selection probabilities, based upon the determined subject activity metrics and associated shot dependent subject motion thresholds, if the determined scene change probability for new subject framing is greater than a predetermined value;

electing a next shot from among the determined alternate shot options based upon the determined shot selection probabilities; and

automatically modifying ongoing video image capture in accordance with the newly selected next shot, including associated new subject framing and any new video capture settings.

3

**U.S. Patent No. 8,842,155**
**PORTABLE VIDEO COMMUNICATION SYSTEM**

15. An apparatus for adapting a displayed image, the apparatus comprising:

a capture device configured to capture a digital video or still image, wherein the digital video or still image is captured based on instructions received from a remote device over a wireless communication network;

a processor operatively coupled to the capture device and configured to adjust an allowed image capture area of the digital video or still image such that at least a portion of a background of the digital video or still image is removed from the digital video or still image;

a transmitter operatively coupled to the processor and configured to transmit the adjusted digital video or still image over the wireless communication network to the remote device; and

a display device configured to present a verification image, wherein the verification image is configured to provide visual verification as to what the transmitted adjusted digital video or still image looks like.

4

**U.S. Patent No. 8,856,418**
**RECEIVING STATION FOR MOBILE HOST EQUIPMENT,**
**AND METHOD OF SHARING RESOURCES USING THE STATION**

17. A non-transitory computer-readable medium having instructions stored thereon, the instructions comprising:

instructions to detect at least two handheld devices, wherein each of the at least two handheld devices is connected to an interface;

instructions to determine an inventory of available resources for each of the at least two handheld devices, wherein the available resources are each a functionality of a handheld device;

instructions to determine a plurality of possible combined use modes based on the inventory of available resources; and

instructions to select a combined use mode from the plurality of possible combined use modes, wherein the combined use mode accesses the available resource of each of the at least two handheld devices, and wherein the combined use mode provides control of the available resources of each of the at least two handheld devices at the same time.

**U.S. Patent No. 9,848,158**
**DIGITAL CAMERA USER INTERFACE FOR VIDEO TRIMMING**

23. A non-transitory computer readable medium having stored thereon instructions executable by a processor to cause the processor to perform operations comprising:

receiving, from a user interface, at least one of a first input, a second input, a third input, a fourth input, or a confirmation input;

storing a digital video sequence comprising a sequence of frames;

displaying, on a display, a currently selected frame of the digital video sequence;

transitioning to a start frame selection mode in response to the user interface receiving the first input, wherein changing the position of a start frame marker causes the currently selected frame to scroll to a corresponding frame at the position of the start frame marker;

transitioning to an end frame selection mode in response to the user interface receiving the second input, wherein the start frame selection mode is separate from the end frame selection mode, wherein changing the position of an end frame marker causes the currently selected frame to scroll to a corresponding frame at the position of the end frame marker;

scrolling through the digital video sequence in a first temporal direction in response to the user interface receiving the third input;

scrolling through the digital video sequence in a second temporal direction in response to the user interface receiving the fourth input;

establishing a start frame as a currently selected frame in response to the user interface receiving a start frame selection input while the device is in the start frame selection mode, wherein the start frame selection input is separate from the first input;

establishing an end frame as the currently selected frame in response to the user interface receiving an end frame selection input while the device is in the end frame selection mode, wherein the end frame selection input is separate from the second input, and wherein the display is further configured to display an indication of whether the start frame selection mode is selected or the end frame selection mode is selected; and

storing a trimmed digital video sequence comprising frames of the digital video sequence between the start frame and the end frame.

6

**U.S. Patent No. 10,425,612**
**DIGITAL CAMERA USER INTERFACE FOR VIDEO TRIMMING**

**12**. A non-transitory computer readable medium having stored thereon instructions executable by a processor of a processor-based device having a display and a memory accessible to said processor, to cause the processor to perform operations comprising:

during a start frame selection mode, responsive to receipt of a user input changing a position of a start frame marker relative to a timeline via a user interface of the processor-based device, scrolling to and displaying a currently-selected frame of a digital video comprising an original sequence of frames on said display and establishing, in the memory of the processor-based device, the currently-selected frame as a start frame, said digital video being stored in the memory of the processor-based device; and

responsive to one or more subsequent user inputs via the user interface:

facilitating, during an end frame selection mode, user selection of an end frame by permitting a user to scroll to a desired end frame of the sequence of frames by changing a position of an end frame marker relative to the timeline, displaying the end frame, and establishing, in the memory, the user's selection of the end frame as a designated end frame;

during each of selection of the start frame and the designated end frame, presenting on the display an indication of whether the processor-based device is in the start frame selection mode or the end frame selection mode; and

storing, in the memory, a trimmed digital video sequence comprising the start frame and the designated end frame along with other frames of the original sequence of frames.

**U.S. Patent No. 10,278,490**
**DIGITAL CAMERA USER INTERFACE FOR VIDEO TRIMMING**

12. A non-transitory computer readable medium having stored thereon instructions executable by a processor of a processor-based device having a display and a memory, to cause the processor to perform operations comprising:

during a start frame selection mode and responsive to receipt of a user input changing a position of a start frame marker relative to a timeline via a user interface of the processor-based device, scrolling to and displaying a currently-selected frame of a digital video comprising an original sequence of frames on the display of said processor-based device, and establishing, in the memory of the processor-based device, the currently-selected frame as a start frame;

during an end frame selection mode and responsive to one or more subsequent user inputs via the user interface, scrolling to and displaying a desired end frame of the sequence of frames by changing a position of an end frame marker relative to the timeline, and establishing, in the memory, the desired end frame as a designated end frame;

during each of scrolling to the start frame and the scrolling to the designated end frame, presenting on the display an indication of whether the processor-based device is in the start frame selection mode or the end frame selection mode; and

storing, in the memory, a trimmed digital video sequence comprising at least the start frame and the designated end frame.

8

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2026, a copy of the foregoing was filed and served on all

parties through the Court's CM/ECF filing system.

/s/ Timothy J. Carroll
Timothy J. Carroll

9