**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **MONUMENT PEAK VENTURES, LLC,** | § § | |
| **Plaintiff,** | § § | |
| | § | **Case No. 2:25-cv-956-RWS** |
| | § | |
| **v.** | § | |
| | § | |
| **ARASHI VISION INC. d/b/a** | § | **JURY TRIAL** |
| **INSTA360,** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ANSWER TO COUNTERCLAIMS

Plaintiff Monument Peak Ventures, LLC (MPV) hereby files this Answer to the Counterclaims filed by Defendant Arashi Vision Inc. d/b/a Insta360 at Dkt. No. 27 and responds as follows:

## THE PARTIES

1.      Upon information and belief based on public information, MPV admits the allegations contained in paragraph 1 of the Counterclaims.

2.      MPV lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Counterclaims and therefore denies them.

**3.**      Admitted.

**JURISDICTION AND VENUE**

4.      MPV admits that this Court has subject matter jurisdiction over Insta360's counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 in Paragraph 4 of the Counterclaims, but denies that Insta360 is entitled to the relief it seeks in its Counterclaims.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      MPV admits venue is proper in this jurisdiction.

**FACTUAL BACKGROUND**

9.      MPV admits that it is the assignee and owner of U.S. Patent Nos. 8,237,771 (the "'771 Patent"); 8,274,544 (the "'544 Patent"); 8,842,155 (the "'155 Patent"); 8,856,418 (the "'418 Patent"); 9,848,158 (the "'158 Patent"); 10,425,612 (the "'612 Patent"); and 10,728,490 (the "'490 Patent") (the "MPV Asserted Patents").

10.     Admitted.

11.     Denied.

12.     Denied.

13.     MPV admits that there is an actual controversy between the parties but denies that Insta360 is entitled to the relief it seeks in its Counterclaims.

## COUNT 1 - DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '771 PATENT

14.    MPV restates and incorporates by reference its responses to the foregoing paragraphs, as if fully set forth herein.

15.    MPV denies Insta360's assertion that claims of the '771 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

16.    MPV denies that the claims of the '771 Patent are anticipated by and/or obvious in view of the prior art, including at least the following: U.S. Pat. No. 8,237,771 ("Kurtz"); U.S. Pat. No. 7,907,165 ("Murai"); U.S. Pat. No. 7,349,005 ("Rui"). MPV admits that Insta360 purports to allege that true and correct copies of those references were attached as Exhibits 1, 2, and 3, respectively, and denies the remaining allegations of Paragraph 16 of the Counterclaim.

17.    Admitted.

18.    Denied.

19.    MPV admits that Insta360 requests a judicial determination and declaration that the claims of the '771 Patent are invalid but denies Insta360 is entitled to such relief.

## COUNT 2 - DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '544 PATENT

20.    MPV restates and incorporates by reference its responses to the foregoing paragraphs, as if fully set forth herein.

21.     MPV denies Insta360's assertion that claims of the '544 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

22.     MPV denies that the claims of the '544 Patent are anticipated by and/or obvious in view of the prior art, including at least the following: U.S. Pat. No. 8,237,771 ("Kurtz"); U.S. Pat. No. 7,907,165 ("Murai"); U.S. Pat. No. 7,349,005 ("Rui"). MPV admits that Insta360 purports to allege that true and correct copies of these references are attached hereto as Exhibits 1, 2, and 3, respectively, and denies the remaining allegations of Paragraph 22 of the Counterclaim.

23.     Admitted.

24.     Denied.

25.     MPV admits that Insta360 requests a judicial determination and declaration that the claims of the '544 Patent are invalid but denies Insta360 is entitled to such relief.

### COUNT 3 - DECLARATORY JUDGMENT OF <u>INVALIDITY OF THE '155 PATENT</u>

26.     MPV restates and incorporates by reference its responses to the foregoing paragraphs, as if fully set forth herein.

27.     MPV denies Insta360's assertion that claims of the '155 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

28.     MPV denies that the claims of the '155 Patent are anticipated by and/or obvious in view of the prior art, including at least the following: U.S. Pat. Appl. Publ. No. 2008/0063389 ("Fang"); U.S. Pat. Appl. Publ. No. 2008/0030621 ("Ciudad"); U.S. Pat. No. 7,559,026 ("Girish"); U.S. Pat. Appl. Publ. No. 2003/0071914 ("Wei"). MPV admits that Insta360 purports to allege that true and correct copies of these references are attached hereto as Exhibits 4, 5, 6, and 7, respectively, and denies the remaining allegations of Paragraph 28 of the Counterclaim.

29.     Admitted.

30.     Denied.

31.     MPV admits that Insta360 requests a judicial determination and declaration that the claims of the '155 Patent are invalid but denies Insta360 is entitled to such relief.

### COUNT 4 - DECLARATORY JUDGMENT OF
### INVALIDITY OF THE '418 PATENT

32.     MPV restates and incorporates by reference its responses to the foregoing paragraphs, as if fully set forth herein.

33.     MPV denies Insta360's assertion that the claims of the '418 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

34.     MPV denies that the claims of the '418 Patent are anticipated by and/or obvious in view of the prior art, including at least the following: U.S. Pat. Appl. Publ.

No. 2005/0135393 ("Benco"); U.S. Pat. No. 6,309,230 ("Helot"); U.S. Pat. No. 7,287,100 ("Chien"). MPV admits that Insta360 purports to allege that true and correct copies of these references are attached hereto as Exhibits 8, 9, and 10, respectively, and denies the remaining allegations of Paragraph 34 of the Counterclaim.

35.     Admitted.

36.     Denied.

37.     MPV admits that Insta360 requests a judicial determination and declaration that the claims of the '418 Patent are invalid but denies Insta360 is entitled to such relief.

### COUNT 5 - DECLARATORY JUDGMENT OF INVALIDITY OF THE '158 PATENT

38.     MPV restates and incorporates by reference its responses to the foregoing paragraphs, as if fully set forth herein.

39.     MPV denies Insta360's assertion that claims of the '158 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

40.     MPV denies that the claims of the '158 Patent are anticipated by and/or obvious in view the prior art, including at least the following: Apple iMovie '11, version 9.0, and any other version of the iMovie software released after version 9.0 and before the critical date of the '158 Patent, and U.S. Pat. No. 6,597,375 ("Yawitz"). MPV admits

that Insta360 purports to allege that a true and correct copy of Yawitz is attached hereto as Exhibit 11 and denies the remaining allegations of Paragraph 40 of the Counterclaim.

41.     MPV lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the Counterclaims and therefore denies them.

42.     Admitted.

43.     Denied.

44.     MPV admits that Insta360 requests a judicial determination and declaration that the claims of the '158 Patent are invalid but denies Insta360 is entitled to such relief.

### COUNT 6 - DECLARATORY JUDGMENT OF INVALIDITY OF THE '612 PATENT

45.     MPV restates and incorporates by reference its responses to the foregoing paragraphs, as if fully set forth herein.

46.     MPV denies Insta360's assertion that claims of the '612 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

47.     MPV denies that the claims of the '612 Patent are anticipated by and/or obvious in view of the prior art, including at least the following: Apple iMovie '11, version 9.0, and any other version of the iMovie software released after version 9.0 and before the critical date of the '612 Patent, and U.S. Pat. No. 6,597,375 ("Yawitz"). MPV admits that Insta360 purports to allege that a true and correct copy of Yawitz is attached

hereto as Exhibit 11 and denies the remaining allegations of Paragraph 47 of the Counterclaim.

48.     MPV lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 of the Counterclaims and therefore denies them.

49.     Admitted.

50.     Denied.

51.     MPV admits that Insta360 requests a judicial determination and declaration that the claims of the '612 Patent are invalid but denies Insta360 is entitled to such relief.

## COUNT 7 - DECLARATORY JUDGMENT OF INVALIDITY OF THE '490 PATENT

52.     MPV restates and incorporates by reference its responses to the foregoing paragraphs, as if fully set forth herein.

53.     MPV denies Insta360's assertion that claims of the '490 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

54.     MPV denies that the claims of the '490 Patent are anticipated by and/or obvious in view of the prior art, including at least the following: Apple iMovie '11, version 9.0, and any other version of the iMovie software released after version 9.0 and before the critical date of the '490 Patent, and U.S. Pat. No. 6,597,375 ("Yawitz"). MPV admits that Insta360 purports to allege that true and correct copy of Yawitz is attached

hereto as Exhibit 11 and denies the remaining allegations of paragraph 54 of the Counterclaim.

55. MPV lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 of the Counterclaims and therefore denies them.

56. Admitted.

57. Denied.

58. MPV admits that Insta360 requests a judicial determination and declaration that the claims of the '490 Patent are invalid but denies Insta360 is entitled to such relief.

## COUNT 8 - DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '771 PATENT

59. MPV restates and incorporates by reference its responses to the foregoing paragraphs, as if fully set forth herein.

60. Denied.

61. Denied.

62. Admitted.

63. MPV admits that Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '771 Patent but denies that Insta360 is entitled to such relief.

## COUNT 9 - DECLARATORY JUDGMENT OF
## <u>NONINFRINGEMENT OF THE '544 PATENT</u>

64.     MPV restates and incorporates by reference its responses to the foregoing paragraphs, as if fully set forth herein.

65.     Denied.

66.     Denied.

67.     Admitted.

68.     MPV admits that Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '544 Patent but denies Insta360 is entitled to such relief.

## COUNT 10 - DECLARATORY JUDGMENT OF
## <u>NONINFRINGEMENT OF THE '155 PATENT</u>

69.     MPV restates and incorporates by reference its responses to the foregoing paragraphs, as if fully set forth herein.

70.     Denied.

71.     Denied.

72.     Admitted.

73.     MPV admits that Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '155 Patent but denies Insta360 is entitled to such relief.

## COUNT 11 - DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF THE '418 PATENT

74.   MPV restates and incorporates by reference its responses to the foregoing paragraphs, as if fully set forth herein.

75.   Denied.

76.   Denied.

77.   Admitted.

78.   MPV admits that Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '418 Patent but denies Insta360 is entitled to such relief.

## COUNT 12 - DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF THE '158 PATENT

79.   MPV restates and incorporates by reference its responses to the foregoing paragraphs, as if fully set forth herein.

80.   Denied.

81.   Denied.

82.   Admitted.

83.   MPV admits that Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '158 Patent but denies that Insta360 is entitled to such relief.

## COUNT 13 - DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF THE '612 PATENT

84. MPV restates and incorporates by reference its responses to the foregoing paragraphs, as if fully set forth herein.

85. Denied.

86. Denied.

87. Admitted.

88. MPV admits that Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '612 Patent but denies Insta360 is entitled to such relief.

## COUNT 14 - DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF THE '490 PATENT

89. MPV restates and incorporates by reference its responses to the foregoing paragraphs, as if fully set forth herein.

90. Denied.

91. Denied.

92. Admitted.

93. MPV admits that Insta360 requests a judicial determination and declaration that it does not infringe, under any theory of infringement, any valid and enforceable claim of the '490 Patent but denies that Insta360 is entitled to such relief.

Dated:  June 8, 2026

Respectfully submitted,

By: _____

Cabrach J. Connor
Cab@CLandS.com
Texas Bar No. 24036390
Jennifer Tatum Lee
Jennifer@CLandS.com
Texas Bar No. 24046950
John M. Shumaker
John@CLandS.com
Texas Bar No. 24033069
**CONNOR LEE & SHUMAKER PLLC**
609 Castle Ridge Road, Suite 450
Austin, Texas 78746
512.646.2060 Telephone
888.387.1134 Facsimile

*Attorneys for Plaintiff*
*Monument Peak Ventures, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth above, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system, which will effect service on all counsel of record who have consented to electronic service.

/s/ Cabrach J. Connor
Cabrach J. Connor